UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | Case No. 09-33345-H4-11 |
| | § | (Chapter 11) |
| RR VALVE, INC., | § | [Lead Case] |
|     a Nevada corporation | § | Case No. 09-33361-H4-11 |
| | § | (Chapter 11) |
| GERARD STEPHAN LAZZARA, JR. | § | Case No. 09-33377 |
| | § | (Chapter 11) |
| RR VALVE, INC., | § | [Consolidated into 09-33345] |
|     a Texas corporation | § | |

### RESPONSE BY GERARD STEPHAN LAZZARA AND RR VALVE, INC., TO MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR ABSTENTION FILED BY JOYCE LAZZARA AND CHERYLE R. JOHNSTON

The Respondents, Gerard Stephan Lazzara and RR Valve, Inc., a Nevada corporation, and RR Valve, Inc., a Texas corporation, file this response in opposition to the motion to dismiss, or, in the alternative, for abstention [Docket No. 16] filed by Joyce Ann Lazzara and Cheryle R. Johnston, Receiver, and joined into by Cramer Financial Group, Inc., assignee of Bank One, Texas, N.A., by its Joinder in Motion to Dismiss Case for Debtors' Abuse or in the Alternative for Abstention [Docket No. 32] (the "Motion").

### Short Statement

Joyce Lazzara wants it all.  In her divorce decree, Joyce Lazzara only got half.  She settled for a promissory note by which Steve Lazzara bought out her 50% community property interest in the stock of RR Valve.  Joyce Lazzara aims to acquire all the stock in RR Valve, which she alleges secures the $1,250,000 buyout note Steve Lazzara made payable to her.  But if Joyce Lazzara's 50% interest in the RR Valve stock were worth $1,250,000, then all of the stock is worth $2,500,000, and her efforts, if successful, would deprive other creditors and parties in interest of a substantial equity.

Joyce, Cramer Financial Group, Inc. ("Cramer"), and Cheryle R. Johnston, Receiver ("Johnston"), forced these chapter 11 cases by reaching agreement that Receiver Michael D. Stein ("Stein") would freeze the bank accounts of RR Valve. When he did so, the depository bank dishonored a number of checks that RR Valve issued to its critical vendors, its creditors (including the Internal Revenue Service), and its workers (including Steve Lazzara). Stein's action was an abuse of process because:

> Cramer procured Stein's appointment without serving Steve Lazzara with process and without giving due process notice to Steve Lazzara of Cramer's turnover order and receivership proceeding, following and in spite of the appointing court's order sustaining a special appearance objection for want of service of process and due process notice to Steve Lazzara.
>
> Cramer has no judgment against the target, RR Valve, no claim against RR Valve, and no lawsuit against RR Valve, which was never made party to the receivership proceeding.
>
> The court order appointing Stein authorizes the receiver to proceed against the "leviable assets" of Steve Lazzara but not against the assets of RR Valve, which is a separately incorporated business organization.

Receiver Stein exceeded his authority with the agreement of Receiver Johnston, who did not file her bond (which was a condition of her authority as receiver) for at least 25 days after the date of the order appointing her. Receiver Johnston never obtained an order of appointment and bond that conform to the correct name of the receiver and have been properly approved by the court appointing Johnston.

### Factual Statement

1. **Steve, Joyce, and RR Valve**. Steve and Joyce were married. Steve is a businessman who, during their marriage, owned and operated RR Valve, which is a separately incorporated business organization.

2. **Liability to Cramer**. In 1985, Steve and Joyce jointly purchased real property for just under $500,000, financed by MBANK Greenway, which took a note and deed of trust lien on the real property. It was the 1980's. MBANK Greenway merged into MBANK Houston, the FDIC became the receiver for MBANK Houston, as receiver the FDIC assigned the note and deed of trust to Deposit Insurance Bridge Bank, N.A., which later became Bank One, Texas, N.A. ("Bank One"). In 1992, Bank One foreclosed on the note and filed suit against Steve and Joyce to collect a deficiency. On October 26, 1992, Bank One took judgment for $175,280.49 against the defendants in Cause No. 91-41818, *Bank One, Texas, N.A. v. Gerard S. Lazzara, Jr., Joyce Ann Lazzara and Michael T. Gilbert*, in the 152nd Judicial District Court of Harris County, Texas (the "Bank Case"). Then Bank One transferred the judgment to Cramer Financial Group, Inc. ("Cramer"). According to Cramer, the amount of the judgment is now approximately $730,000. According to Joyce, the amount of the judgment has grown to over $750,000.00.

3. **Joyce knew about Cramer**. During the years since 1993, Cramer occasionally tried to collect its judgment. Constable Jack F. Abercia, through deputy Kathy Inman, tried execution of Cramer's judgment. On April 12, 2002, Deputy Inman reported on her Officer's Return that she "made demand on Joyce Lazzara, who said they cannot pay and own no seizable assets." On September 1, 2006, attorney Jonathan D. Saikin, who represented both Steve and Joyce, wrote Cramer a letter stating that Cramer's judgment was not enforceable but offered to compromise by paying $10,000 to settle the entire claim. In 2006 and 2007, Cramer's lawyers sent notices to take the deposition of Joyce, who failed to appear, and as a result, on February 16, 2007, the judge presiding over the Bank Case entered an order compelling Joyce to appear and found there was no justification for her failure to attend the deposition.

4. **The divorce**. Joyce left Steve in early 2007. As she left, Joyce took more than $50,000 in funds from RR Valve, without giving any consideration to RR Valve for the funds she took. The divorce proceedings commenced later in 2007, in Cause No. 2007-14931, *In the Matter of the Marriage of Joyce Ann Lazzara and Gerard Stephan Lazzara, Jr.*, in the 247th Judicial Court of Harris County, Texas (the "Divorce Case").

5. **The unsecured promissory note to buy out Joyce's marital property interest**. Joyce claimed a 50% community property interest in Steve's stock in RR Valve. Pursuant to the final decree of divorce (the "Decree"), Steve made a promissory note payable to the order of Joyce for $1,250,000 to compensate for Joyce's marital property interest in RR Valve. Steve agreed to pledge his stock to secure the promissory note; however, the stock certificates were never delivered to Joyce or an agent for Joyce, and Joyce never perfected her security interest in the stock.

6. **Cramer's garnishments**. In January 2009, Cramer sued out on writs of garnishment, seizing several accounts on which Steve was a signatory at Prosperity Bank (some of which were accounts that he did not own but had only a "convenience" signature authority–the account for his daughter and his mother for example. According to Joyce, Cramer also garnished her bank account at Chase Bank.

7. **Cramer moves for turnover and receivership**. Cramer also moved for turnover and for appointment of a Receiver. Among other things, Cramer sought to seize the promissory note Joyce held from Steve.

8. **Joyce makes a deal with Cramer**. On February 24, 2009, Joyce made a deal with Cramer through her attorney, Bobbie Bayless. Joyce agreed to pay Cramer part of an upcoming collection from Steve. Joyce also agreed to seek appointment of a receiver over Steve's businesses,

*i.e.*, RR Valve, and to make payments from the continued operation of the business to Cramer and herself.

9.   **The Cheryle Johnston receivership**. On April 3, 2009, counsel for Joyce persuaded the judge in the Divorce Case to appoint a receiver. A copy of the receivership order (the "247 Order") is attached as Exhibit 4 to the Motion. As shown in Exhibit 4, the 247 Order originally stated that "Sheryl B. Johnson-Todd" was appointed Receiver, but the name "Sheryl B. Johnson-Todd" is struck out and the name "*Cheryle R. Johnson*" is written, in cursive handwritten script, above the stricken language.

10.   **Bond delayed in the Cheryle Johnston receivership**. The 247 Order could not take effect on April 3, 2009. According to Joyce, the bond was filed on April 28, 2009. The statement in Joyce's Motion that Steve was obligated on April 3 to turn over property to the new Receiver is misleading if not false. The 247 Order provides, "*upon filing by the Receiver of a Receiver's Bond*, initially in the amount of $100,000, conditioned as provided by law, and *approved by this Court*, together with the oath described by law, *the Receiver shall be authorized*, subject to the control of this Court, to do . . ." the acts set out in the 247 Order. The Receiver could have no authority until she filed her bond.

11.   **Deviation between Order, Bond and Appointed Receiver**. The 247 Order appoints "Cheryle R. *Johnson*" but the person who has acted as Receiver is Cheryle R. *Johnston*. The order does not appoint Cheryle R. *Johnston* to anything. Joyce has never corrected or sought to correct this deviation between the appointment document and the person appointed.

12.   **The Michael Stein receivership**. Cramer moved to appoint a receiver in the Bank Case. The hearing to appoint Mr. Stein was held the same day as the order to appoint a receiver in

the Divorce Case. Before the hearing, Cramer served Mr. Daniel J. Lemkuil, who performed legal work for Steve in the Divorce Case but who had never done so in the Bank Case. Mr. Lemkuil filed a Special Appearance, alleging that he did not represent Steve in the Bank Case and had not appeared for him. Mr. Lemkuil requested that the court strike service upon him individually and for Steve and to "require the Judgment Plaintiff to perfect service and provide due process notice as provided by the rules of civil procedure." At 10:31 a.m., on April 3, 2009, the trial judge granted Mr. Lemkuil's motion and signed an order stating that "service upon Daniel J. Lemkuil individually and for Gerard S. Lazzara is stricken and *the judgment Plaintiff is required to perfect service and provide due process notice as provided by the rules of civil procedure*." [emphasis added] Sometime after 10:31 a.m. on April 3, 2009, the district judge signed an order appointing Michael D. Stein as receiver. Cramer never served with process or gave him due process notice. The 152 Order is void.

### Specific Admissions and Denials

13. In response to the averments of paragraphs 1, 2, and 8, Respondents admit the averments except that the Respondents deny the statement in footnote 1.

14. In response to the averments of paragraphs 3 through 7, 9 through 19, and 21 of the Motion, Respondents deny the averments *except that the Respondents admit:*

- Joyce is Steve's ex-wife;

- Respondents had not filed schedules, statements of financial affairs, or disclosures of compensation as of date of Motion;

- Joyce is a party in interest in the RR Valve proceedings;

- The 247 Order mentions stock in RR Valve;

- The 152nd District Court signed the 152 Order the same day that the 247th court signed the 247 Order;

- The terms of the Settlement Agreement are stated in the written provisions of the Settlement Agreement attached as Exhibit 1 to the Motion;

- The terms of the arbitration decision and the Order approving it are stated in Exhibit 2 to the Motion;

- Joyce filed an enforcement action;

- Joyce sought appointment of a receiver;

- The 247th Judicial District Court signed the 247 Order;

- A true and correct copy of the 247th receivership Order is attached to the Motion;

- Steve has not been able to make payments due to Joyce;

- Joyce gave notice of acceleration;

- Cramer filed proceedings to collect the Cramer Judgment in the Bank Case;

- Cramer alleges a balance due on the judgment in excess of $730,000;

- The Decree did not allocate ("divide") responsibility for payment of the Cramer claim;

- On information and belief, Cramer garnished Joyce's bank account;

- Joyce seeks to modify (or "retrade") the Decree;

- This Title 11 case stays Joyce's enforcement proceeding and the appeals from both receivership orders;

- No party has moved to lift the orders of the appellate courts abating the state court appeals;

- Steve's monthly income was $32,353 at one time;

- Steve has not been able to make the payments required by Decree;

- On April 3, 2009 the judge presiding in the 247th Judicial District Court signed the 247 Order, but the order is not effective or enforceable;

- A true copy of the 247 Order is attached to the Motion;

- Cramer sought turnover application and appointment of receiver;

- A true copy of the 152 Order is attached as Exhibit 5 to Motion;

- Joyce has reached agreements with Cramer;

- Joyce seeks to have Steve pay Cramer;

- Steve has been unable to pay the note provided by the Divorce Decree.

*and except that the Respondents lack sufficient information to admit or deny*

- When or if the receiver's oath was filed or bond posted;

- Whether the specific balance alleged by Cramer is $737,557.20;

- How or when Joyce learned of the action to garnish her bank account at Chase;

- The terms of the specific agreement between Joyce and Cramer;

15. In response to the averments of paragraph 20 of the Motion, Respondents lack sufficient information to admit or deny the averments *except that the Respondents:*

- Deny that Joyce or the 247th or the 152nd Receiver has disclosed any such arrangement;

- Deny that any such arrangement has been disclosed in a motion or application filed with the 247th Judicial District Court or has been approved by order of such court;

- Deny that Joyce has taken any steps to provide for continued operation of RR Valve or R & R Pump, Inc.

16. The averments of paragraphs 22 through 32 of the Motion are legal argument and do not require a specific factual response, but to any extent necessary the Respondents deny the factual averments of each such paragraph.

## **Hearing**

17. This matter has been set for hearing.

**Further Submission**

18.     Respondents reserve the right to amend and submit further legal authorities after taking discovery.

WHEREFORE, PREMISES CONSIDERED, the Respondents pray that this Court deny the Motion and grant the Respondents such other and further relief as to which they may show themselves justly entitled.

Respectfully submitted,

`/s/ John H. Bennett Jr.`
John H. Bennett Jr.
Texas Bar No. 02155500
John H. Bennett Jr.
Attorney at Law
2777 Allen Pkwy Ste 1000
Houston, TX 77019-2141
713-650-8222 Tel
713-650-3033 Fax
jb@JohnHBennettJr.com

**CERTIFICATE OF SERVICE**

A true copy of this instrument will be forwarded by the CM/ECF system and will be separately served on Bobbie G. Bayless, 2931 Ferndale, Houston, Texas 77098, fax 713-522-2218, and on Margaret M. McClure, 909 Fannin, Suite 3810, Houston, Texas 77010, fax 713-658-0334.

`/s/ John H. Bennett Jr.`
John H. Bennett Jr.