## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **RR VALVE, INC., A NEVADA** | § | |
| **CORPORATION** | § | **Case No. 09-33345-H5-11** |
| | § | **Jointly Administered With** |
| **RR VALVE, INC., A TEXAS** | § | |
| **CORPORATION** | § | **09-33361-H5-11** |
| | § | |
| **GERALD STEPHEN LAZZARA, JR.** | § | **09-33377-H5-11** |
| Debtors. | § | |

## TRUSTEE'S OBJECTION TO EXEMPTIONS

TO THE HONORABLE KAREN K. BROWN, U.S. BANKRUPCY JUDGE:

Elizabeth M. Guffy, chapter 11 trustee (the "Trustee") files this Objection to Exemptions (the "Objection"), and in support thereof respectfully shows the Court as follows:

### I.     JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 1334 and 157.

2.     Venue of this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.     BACKGROUND

3.     Gerard Stephan Lazzara, Jr. ("Lazzara" or the "Debtor") initiated this chapter 11 case by filing a voluntary petition for relief on May 13, 2009.  On July 21, 2009, the Court appointed the Trustee.  Since that date, the Trustee has managed the Debtor's financial affairs.  The Debtor has remained in possession of his personal property.

4.      On June 25, 2009, the Debtor filed his statement of financial affairs and his bankruptcy schedules, including Schedule C.  Upon her appointment, the Trustee reviewed the statement of financial affairs and the schedules filed by the Debtor and determined that the Debtor's filings were incomplete or defective in a number of instances.  At the request of the Trustee, the Debtor filed amended schedules (the "Amended Schedules") and an amended statement of financial affairs on November 20, 2009.  However, the Debtor did not file an amended Schedule C.

5.      In his Schedule C, the Debtor failed to check the box indicating the statutory exemption regime under which he was claiming his exemptions—either 11 U.S.C § 522(b)(2) or 11 U.S.C. § 522(b)(3).  However, as to all of his claimed exemptions, the Debtor specifies the Texas Property Code as the law providing the claimed exemption.  Therefore, the Debtor should be held to have elected to proceed under 11 U.S.C. § 522(b)(3).

6.      The Debtor's Schedule C claims the following exemptions:

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Household Furniture, Furnishings, and Fixtures See attached Inventory | Tex. Prop. Code §§ 42.001 (a)(1), (2), 42.002 (a)(6) | 13,040.00 | 13,040.00 |
| Clothing & Jewelry See attached Inventory | Tex. Prop. Code §§ 42.001 (a)(1), (2), 42.002 (a)(6) | 2,100.00 | 2,100.00 |
| Art, Antiques, Books See attached Inventory | [blank in original] | 8,880.00 | 8,880.00 |
| Firearms See attached Inventory | Tex. Prop. Code §§ 42.001 (a)(1), (2), 42.002 (a)(6 | 600.00 | 600.00 |

2

7.      Based upon the Trustee's concern about the accuracy and completeness of the Amended Schedules (including some of the values listed therein), the Trustee filed a motion with the Court on December 8, 2009, seeking authority to retain June Adair ISA to conduct an inventory and appraisal of the Debtor's personal property.  That motion was granted by the Court's order entered on December 10, 2009.

8.      Pursuant to the authorization of the Court, Ms. Adair conducted a complete inventory and appraisal of the contents of the Debtor's residence on December 14, 2009.  The Appraisal reveals that the Debtor's personal property, taken as a whole, has a fair market value considerably in excess of the value listed in the Amended Schedules[1].

## II.      RELIEF REQUESTED

9.      The Trustee objects to each of the Debtor's claimed exemptions for the following reasons:  (a) the Debtor is a single adult who is not living with any other family member and, therefore, is not eligible to claim any exemption under Tex. Prop. Code § 42.001 (a)(1); (b) the aggregate value of the personal property claimed as exempt by the Debtor exceeds the value allowed under Tex. Prop. Code § 42.001 (a)(2); (c) the value of the jewelry claimed as exempt by the Debtor exceeds the limits of Tex. Prop. Code § 42.002 (a)(6); and (d) the number of firearms claims as exempt by the Debtor exceeds that allowed under Tex. Prop. Code § 42.002 (a)(7).

---

[1]  The Appraisal included all personal property located at the residence occupied by the Debtor.  The Debtor's former wife, Joyce Lazzara, has asserted that certain items of property in the residence are, in fact, hers under the property settlement from the couple's divorce.  These items are the subject of a pending motion by Joyce Lazzara, seeking turnover of those items.  For purposes of this Objection, the items claimed by Joyce Lazzara and their value have been disregarded.

3

*A.     The Debtor is not entitled to any exemption under Tex. Prop. Code § 42.001 (a)(1).*

10.     Section 42.001 (a) of the Texas Property Code provides:

(a)   Personal property, as described in Section 42.002, is exempt from garnishment, attachment, execution or other seizure if:

(1) the property is provided for a family and has an aggregate fair market value of not more than $60,000, exclusive of the amount of any liens, security interests, or other charges encumbering the property; or

(2) the property is owned by a single adult, who is not a member of a family, and has an aggregate fair market value of not more than $30,000, exclusive of the amount of any liens, security interests, or other charges encumbering the property.

11.     The Debtor is not married.  He is the father of two adult children, neither of whom resides with him and neither of whom is he obligated to support.  Accordingly, the Debtor is not entitled to claim any exemption under section 42.001 (a)(1) of the Texas Property Code, and the Court should deny any exemption based on that statute.

*B.     The Debtor's exemption of personal property is limited to an aggregate value of $30,000 under Tex. Prop. Code § 42.001 (a)(2).*

12.     To the extent that the Debtor is entitled to claim an exemption in personal property under Texas law, he must do so under section 42.001 (a)(2) of the Texas Property Code, which limits his exemption to personal property having a fair market value of not more than $30,000.[2]  However, the personal property claimed by the Debtor as exempt on his Schedule C has a fair market value of more than $30,000.

13.     Although the Debtor has attributed an aggregate value of $24,620 to the personal property listed in his Schedule C, the Appraisal shows a considerably higher fair

---

[2] The Trustee is unaware of any "liens, security interests, or other charges" encumbering the Debtor's personal property.

market value of the items listed in the attachment to Schedule C. The Debtor has shown no legal basis for the exemption of any personal property in excess of the aggregate value permitted under Tex. Prop. Code § 42.001 (a)(2). Therefore, to the extent that the personal property claimed as exempt by the Debtor exceeds that permitted value, his exemption must be denied.

14.     Additionally, the attachment to Schedule C lists certain items of personal property that were not in the residence at the time of the inventory and appraisal. The Debtor has informed the Trustee that, at least as to the more valuable of these items, he no longer knows where they are. The Trustee submits that, because the Debtor previously listed these items in the Amended Schedules and in the attachment to Schedule C, he should be held responsible for their loss, if that has indeed happened. The Trustee requests that the Court credit the value of these missing items against the aggregate value of the Debtor's allowed personal property exemption.

15.     Moreover, the Appraisal reflects some items of personal property in the Debtor's residence that were not listed in the attachment to Schedule C—or, in fact, listed anywhere else in the Amended Schedules. Although the omitted items were not previously claimed as exempt, in an abundance of caution, the Trustee seeks an order denying any exemption as to these items as well.

*C.     The Debtor's claimed exemption in jewelry should be disallowed to the extent that its fair market value exceeds the limitation of Tex. Prop. Code § 42.002 (a)(6).*

16.     Section 42.002 (a)(6) of the Texas Property Code limits the amount of the allowed personal property exemption for jewelry to an amount "not to exceed 25 percent of the aggregate limitations prescribed by Section 42.001(a)." For the Debtor, this amount cannot exceed 25 percent of $30,000—which is $7,500.

17.     In the attachment to his Schedule C, the Debtor listed as jewelry "Cartier Watches and Love bracelet" with a single value of $1,200.  In his Amended Schedule B, the Debtor attributed the same total value to these items.

18.     As noted in paragraph 14 above, the Debtor previously listed some items of personal property that he now asserts as no longer in his possession and the Debtor failed to list some items of personal property that were in his possession at the time of the inventory and appraisal.  The Cartier "Love" bracelet is one of the items that the Debtor claims to no longer have. The Cartier "Love" bracelet was not included in the Appraisal because it was not at the residence occupied by the Debtor at the time of the Appraisal, and the Debtor has informed the Trustee that he no longer knows where it is.

19.     Because the Debtor previously listed the Cartier "Love" bracelet as part of his exempt property and because he cannot account for its present location, the fair market value of this item of jewelry should be included in the total of the personal property covered by the limitations imposed by Tex. Prop. Code § 42.002 (a)(6).  Based on information the Trustee has obtained from Joyce Lazzara, the Debtor's former wife, who was with the Debtor at the time the bracelet was purchased and who owns a second "Love" bracelet purchased at that same time, the Trustee believes the fair market value of the Debtor's bracelet exceeds the value assigned to it by the Debtor and when its value is included in the computation of the Debtor's exemption under Tex. Prop. Code § 42.002 (a)(6) will result in the Debtor's exceeding the allowable amount of that exemption.

20.     The Debtor's claimed exemption in jewelry should be disallowed by any amount in excess of the limitation imposed by Tex. Prop. Code § 42.002(a)(6), including

in the computation of that amount the fair market value of the missing Cartier "Love" Bracelet.

*D.      The Debtor's claimed exemption in firearms must be disallowed to the extent that the number of firearms claims as exempt exceeds the limitation of Tex. Prop. Code § 42.002(a)(7).*

21.      Section 42.002(a)(7) of the Texas Property Code limits the number of firearms that can be claimed as exempt to two. The attachment to the Debtor's Schedule C lists a total of 4 firearms that the Debtor claims as exempt. In the Amended Schedules, the Debtor listed a total of 9 firearms, having an aggregate value of $520.00. However, at the time of the inventory and appraisal, there were thirteen firearms in the Debtor's possession, not including a .38 caliber pistol listed in the Amended Schedules.

22.      Because the Debtor has no legal basis for claiming more than two firearms as exempt, his exemption must be denied as to any firearms over that number. Considering the firearms listed in the Amended Schedules and in the Appraisal, the Debtor appears to own fourteen firearms. The Debtor's claim of exemption must be denied as to twelve of these firearms. The Trustee would assert that, because the Debtor has not accounted for the missing .38 caliber pistol, that firearm should be counted as one of the two covered by the Debtor's exemption.

23.      The Debtor's claimed exemption in firearms must be disallowed by any number of firearms in excess of the limitation imposed by Tex. Prop. Code § 42.002(a)(7), including the missing .38 caliber pistol.

## IV. CONCLUSION

WHEREFORE, the Trustee respectfully requests the entry of an order:

(i)      denying any personal property exemption claimed by the Debtor under Tex. Prop. Code § 42.001(a)(1);

(ii)    denying the Debtor's claimed personal property exemptions to the extent that the fair market value of same exceeds $30,000 as prescribed by Tex. Prop. Code § 42.001(a)(2);

(iii)    requiring that the Debtor include the fair market value of the missing items of personal property in the calculation of the amount of his personal property exemption under Tex. Prop. Code § 42.001(a)(2);

(iv)    denying any exemption of the items of non-qualifying personal property;

(v)    denying the Debtor's claimed exemption of his jewelry to the extent that the items claimed as exempt have a fair market value in excess of $7,500;

(vi)    finding that the fair market value of the Cartier "Love" bracelet be applied toward the limitation imposed by Tex. Prop. Code § 42.002(a)(6);

(vii)    denying the Debtor's claim exemption of his firearms in excess of two firearms; and

(viii)    granting the Trustee such other and further relief as the Court deems just and proper.

Respectfully submitted,

**_JACKSON WALKER L.L.P._**

By:   /s/ Bruce J. Ruzinsky
    Bruce J. Ruzinsky
    Texas Bar No. 17469425
    1401 McKinney Street, Suite 1900
    Houston, TX 77010
    713/752-4200 Telephone
    713/752-4221 Facsimile

**ATTORNEYS FOR ELIZABETH M. GUFFY, CHAPTER 11 TRUSTEE**

5759053v.2 123982/00002

## CERTIFICATE OF SERVICE

I hereby certify that on this 22 day of March, 2010, a copy of the foregoing **"Trustee's Objection to Exemptions"** was served by either electronic mail (through the Court's ECF system or by email) on the parties set forth below:

John H. Bennett, Jr.
2777 Allen Parkway, Suite 1000
Houston, TX 77019

Margaret Maxwell McClure
Attorney at Law
909 Fannin, Suite 3810
Houston, Texas 77010

S. Margie Venus
Strong Pipkin, Bissell & Ledyard
1301 McKinney, Suite 2100
Houston, Texas 77010

Bobbie Bayless
Bayless & Stokes
2931 Ferndale Street
Houston, Texas 77098

Christine A. March
Attorney for the United States Trustee
515 Rusk, Suite 3516
Houston, Texas 77002

5759053v.2 123982/00002