

ENTERED
06/02/2020

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| RR VALVE, INC., A NEVADA | § | CASE NO: 09-33345 |
| CORPORATION, *et al* | § | |
| | § | |
| RR VALVE, INC., A TEXAS | § | CASE NO: 09-33377 |
| CORPORATION | § | |
| | § | Jointly Administered Order |
| Debtors | § | |
| | § | CHAPTER 11 |

**MEMORANDUM OPINION AND ORDER**
*Resolving ECF Nos. 379, 380, 381*

Pending before the Court is Creditor Joyce Lazzara's "Motion to Revive Judgment" ("*Motion to Revive*"), and "Expedited Motion to Issue Summons or Otherwise to Effectuate Service of Process on Judgment Debtor" ("*Motion to Issue Summons*").[1] For the reasons stated infra, the Motion to Revive is stayed, and the Motion to Issue Summons is granted.

## I.    BACKGROUND

On April 29, 2010, the Court entered an Order Confirming the Chapter 11 Trustee's Amended Joint Plan of Reorganization ("*Confirmation Order*").[2]  The Confirmation Order explicitly stated that Ms. Lazzara shall have an allowed unsecured claim in the amount of $1,290,744.91 plus any attorneys' fees to be determined by the Court at a later time.[3]  No writ of execution was issued within the first 10 years of the Confirmation Order.  Almost 10 years after the Confirmation Order, on April 23, 2020, the Clerk of Court issued an Abstract of Judgment in favor of Ms. Lazzara against Judgment Debtor Gerard Stephan Lazzara, Jr. in the same amount

---

[1] *See* ECF Nos. 379–381.  ECF Nos. 380–381 are identical and relate solely to the Motion to Issue Summons.
[2] *See* ECF No. 220.
[3] *See id.* at 14.

outlined above.[4] Ms. Lazzara's Motion to Revive was filed on May 20, 2020 for purposes of reviving the judgment against "Judgment Debtor, Gerald [sic] Stephen [sic] Lazzara, Jr." pursuant to state law and in accordance with Rules 81(b) and 69(a) of the Federal Rules of Civil Procedure.[5] Ms. Lazzara's Motion to Issue Summons was filed on May 29, 2020 for purposes of expedited consideration, and for determining the appropriate form of summons.[6]

## II.  CONCLUSIONS OF LAW

The Court holds jurisdiction pursuant to 28 U.S.C. §§ 157(a), 1334, and now exercises its jurisdiction in accordance with Southern District of Texas General Order 2012–6.[7] This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court holds constitutional authority to enter appropriate orders and judgments.[8] Venue is governed by 28 U.S.C. §§ 1408, 1409, and is proper in this case.

Rule 81(b) provides that writs of scire facias[9] and mandamus are abolished, and that relief heretofore available may be obtained by appropriate action or motion under the Federal Rules of Civil Procedure.[10] However, Rule 69(a)—incorporated by Federal Rule of Bankruptcy Procedure 7069—prescribes that the practice and procedure to be applied with respect to executing a judgment must be in accordance with the procedure of the state where the court is located, except that any statute of the United States governs to the extent that it is applicable.[11]

Texas state law governs writs of scire facias. Under Texas, if a writ of execution is not

---

[4] *See* ECF No. 378.
[5] ECF No. 379.
[6] ECF No. 380–81.
[7] *In re*: *Order of Reference to Bankruptcy Judges*, Gen. Order 2012–6 (S.D. Tex. May 24, 2012).
[8] *Wellness Intern. Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1938–40 (2015); *Stern v. Marshall*, 564 U.S. 462 (2011).
[9] Scire facias refers to a writ requiring the person against whom it is issued to appear and show cause why some matter of record should not be enforced, annulled, or vacated, or why a dormant judgment against that person should not be revived. BLACK'S LAW DICTIONARY (11th ed. 2019).
[10] FED. R. CIV. P. 81(b).
[11] FED. R. CIV. P. 69(a); *see FDIC v. Shaid*, 142 F.3d 260, 261–62 (5th Cir. 1998) (applying state law in its analysis of an action to revive a judgment).

Case 09-33345   Document 382   Filed in TXSB on 06/02/20   Page 3 of 4

issued within 10 years after rendition of a judgment of a court of record or a justice court, the judgment becomes dormant and execution may not be issued on the judgment unless revived.[12] To revive, a writ of scire facias that is brought not later than two years of the date that the judgment became dormant may be used.[13] A writ of scire facias shall conform to the requisites of citations and the returns thereon under the provisions of the Texas Rules of Civil Procedure.[14]

The Court retains personal jurisdiction over parties during the scire facias action.[15] Here, a bankruptcy court's confirmation order acts as a final judgment.[16] Thus, the Court's Confirmation Order of April 29, 2010 was a final judgment. Because no writ of execution was issued in the judgment, the Confirmation Order became dormant on April 29, 2020. Ms. Lazzara's Motion to Revive was filed after the Confirmation Order became dormant, but before the expiration of the two additional years. Accordingly, the Motion to Revive is timely.

State law allows for writs of scire facias to be initiated by a motion to revive a judgment.[17] Thus, Ms. Lazzara's Motion to Revive must be in accordance with the Texas Rules of Civil Procedure.[18] Rule 154 states that the writ of scire facias must conform to the requisites of citations.[19] In federal court, a summons is functionally equivalent to a citation.[20] Thus the Court directs Ms. Lazzara to serve Judgment Debtor Gerard Stephan Lazzara, Jr. with a

---

[12] TEX. CIV. PRAC. & REM. CODE ANN. § 34.001(a).
[13] *Id.* at § 31.006.
[14] TEX. R. CIV. P. 154.
[15] *See Berly v. Sias*, 152 Tex. 176, 181 (Tex. 1953) ("[A] motion for scire facias is not an independent suit but is a continuation of the original suit. As a continuation of the original suit it is supported by the jurisdiction of the person obtained in the original case.").
[16] *See Republic Supply Co. v. Shoaf*, 815 F.2d 1046, 1053 (5th Cir. 1987); *see also In re Blast Energy Services, Inc.*, 396 B.R. 676, 695 (Bankr. S.D. Tex. 2008).
[17] *See Furry v. SMS Financial XC, L.L.C.*, No. 14–12–00754–CV, 2013 WL 865579 (Tex.App.–Houston [14th Dist.] Mar. 7, 2013); *City of Dallas v. Ellis*, No. 05–16–00348–CV, 2017 WL 655927 (Tex.App.–Dallas Feb. 17, 2017).
[18] *See* TEX. R. CIV. P. 154; *see also* TEX. R. CIV. P. 99 ("Issuance and Form of Citation"), 106 ("Method of Service"), 107 ("Return of Service").
[19] TEX. R. CIV. P. 154.
[20] *See FDIC v. Davis*, No. H–92–3759, 2006 WL 8445383, at *2 (Bankr. S.D. Tex. July 28, 2006); *FDIC v. Bauman*, No. 3:90–CV–0614–H, 2004 WL 1732933, at *2 (N.D. Tex. July 30, 2004).

3 / 4

summons, a copy of the Motion to Revive, a copy of this Memorandum Opinion and Order, and to demonstrate proper service through a return of service filed on the Court's CM/ECF docket. While there is no bankruptcy summons form with respect to a writ of scire facias, the Court directs Ms. Lazzara to serve Mr. Lazzara, Jr. with Form B2500A, "Summons in an Adversary Proceeding," promulgated on the United States Courts' website.[21]

### III.   CONCLUSION

Pending before the Court is Creditor Joyce Lazzara's Motion to Revive and Motion to Issue Summons.[22] After considering the motions on file it is therefore:

**ORDERED:** that

1. the Motion to Revive is hereby STAYED, and the Motion to Issue Summons is GRANTED;
2. Joyce Lazzara SHALL upload a proposed Form B2500A, "Summons in an Adversary Proceeding," in accordance with the Court's Memorandum Opinion and Order, supra, to the Clerk of Court;
3. the Clerk of Court, in issuing the summons, SHALL NOT open an adversary proceeding in relation to this matter pending further orders of the Court;
4. upon issuance by the Clerk of Court, Joyce Lazzara SHALL serve Gerard Stephan Lazzara, Jr. with the summons, a copy of the Motion to Revive,[23] and a copy of this Memorandum Opinion and Order;
5. Joyce Lazzara must demonstrate proper service through a return of service filed on the Court's CM/ECF docket;
6. The Court will take up the Motion to Revive at such time as Joyce Lazzara has filed a return of service, and Gerard Stephan Lazzara, Jr. has had 20 days from service of the summons thereof to answer or otherwise respond to the Motion to Revive.

SIGNED 06/02/2020.

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge

---

[21] *Summons in an Adversary Proceeding*, UNITED STATES COURTS (June 1, 2020, 4:00 PM), https://www.uscourts.gov/forms/bankruptcy-forms/summons-adversary-proceeding-0.
[22] ECF Nos. 379–381.
[23] ECF No. 379.